# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ADRIAN ABRAJAN CHAGALA,**

    Petitioner,

    -vs-                                                       **Case No. 15-C-531**

**DAVID G. BETH,[1]**
**Warden of the Kenosha County Detention Center,**

    Respondent.

# DECISION AND ORDER

Abrajan Chagala is currently being detained by Beth at the Kenosha County Detention Center pursuant to a final order of removal for deportation to Mexico, and he has filed a petition for relief under 28 U.S.C. § 2241.[2] (ECF No. 1). Abrajan Chagala cites *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001), and he asserts that he should be released because he has been in custody since August 18, 2014, and the order of removal became final on October 21,

---

[1] Pro se Petitioner Adrian Abrajan Chagala ("Abrajan Chagala") named multiple Respondents in the action: the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), the "Immigration Courts," the Attorney General, and the Warden of the Kenosha County Detention Center. The only proper Respondent is David G. Beth ("Beth"), the Kenosha County Sheriff who oversees the Kenosha County Detention Center, because he has day-to-day control over Abrajan Chagala. *See Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 953 (7th Cir. 2006). The Department of Homeland Security, ICE, the "Immigration Courts," and the Attorney General are dismissed from this action.

[2] Earlier this year, Abrajan Chagala filed a similar action in this District, *Abrajan Chagala v. Department of Homeland Security, et al.*, Case No. 15-C-479 (E.D. Wis.). On April 27, 2015, that action was dismissed without prejudice for lack of jurisdiction because he failed to name a proper respondent. (*Id.*, ECF Nos. 6-7.)

2014.[3] (Pet. ¶ 11.) If Abrajan Chagala's allegations are true, his removal detention period has exceeded the presumptive 6-month period. *See id.* (stating "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing").

Abrajan Chagala alleges that although he has cooperated fully with ICE, it has been unable to remove him to Mexico or any other country and that there is good reason to believe that his removal will not be secured in the foreseeable future. He also alleges that he has exhausted his administrative remedies. *See Richmond v. Scibana,* 387 F.3d 602, 604 (7th Cir. 2004) (requiring that a § 2241 applicant exhaust administrative remedies). Abrajan Chagala maintains that his continued custody violates 8 U.S.C. § 1231(a)(6)[4]

---

[3]Abrajan Chagala also states that this action arises under the United States Constitution, Immigration and Naturalization Act ("INA") as amended by the Illegal Immigration Reform and Responsibility Acts of 1996 ("IIRIRA"), 8 U.S.C. § 1101 *et seq.,* Administrative Procedure Act ("APA"), 5 U.S.C. § 705 *et seq.*, and that Court may grant relief under § 2241, the APA, and the All Writs Act, 28 U.S.C. § 1651. (Pet. ¶¶ 2-3.)

[4] Section 1231(a)(6) states:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227 (a)(1)(C), 1227 (a)(2), or 1227 (a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

as interpreted by *Zadvydas*.

This matter is before the Court on Abrajan Chagala's motion for leave to proceed *in forma pauperis* ("IFP") and preliminary review. In order to authorize a litigant to proceed IFP, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i). The Court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[5] provides that the Court is to make a preliminary review and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Abrajan Chagala's certified resident account statement discloses that

---

[5] No rules have been promulgated specifically for § 2241 applications. Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts states that the district court may apply any or all of the § 2254 rules to a habeas corpus petition not specifically covered by those rules. Civil Local Rule 9(a)(2) (E.D. Wis.) also states that the Court may apply any of the Rules Governing Section 2254 Cases in the United States District Courts to an application for release from custody pursuant to 28 U.S.C. § 2241.

his current balance is $5.01. While it is a close question since he receives basic necessities from the detention center, the Court concludes that Abrajan Chagala is unable to pay the $5 filing fee for his petition.

Abrajan Chagala is in custody pursuant to the detention he now challenges, and he raises arguable constitutional claims. At this stage of the proceedings, the Court cannot conclude that the writ sought by Abrajan Chagala should not issue or that the application is plainly without merit. Accordingly, the Court will require Beth to file an answer showing cause why the application should not be granted.

Abrajan Chagala also seeks appointment of counsel and has provided financial information demonstrating that he unable to retain counsel. The Court will address whether to appoint counsel after the answer has been filed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Abrajan Chagala's motion for leave to proceed *in forma pauperis* (ECF NO. 2) is **GRANTED**;

The United States Department of Homeland Security, ICE, the "Immigration Courts," and the Attorney General are **DISMISSED** from this action;

On or before June 12, 2015, Beth **MUST FILE AN ANSWER** showing cause, if any, why this writ should not issue with respect to Abrajan Chagala's

petition for a writ of habeas corpus. The answer should contain the information required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts;

The Clerk of Court is **DIRECTED TO SERVE** the petition and a copy of this Order upon Beth; and

Pursuant to Fed. R. Civ. P. 4(i), the Clerk of Court is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District; and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., ICE, and the United States Department of Homeland Security.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2015.

**BY THE COURT:**

*[signature: Rudolph T. Randa]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**